Opinion by
Will-son, J.
§ 504. Jurisdiction of court of appeals as to amount where the suit originated in justice’s court; the amount in controversy, or the amount of the judgment appealed from, must exceed $100, exclusive of interest and costs. This suit was instituted by appellee in justice’s court to recover of appellant the sum of $92.25 damages. He recovered judgment in that court for the sum of $42.50 and costs. Appellant appealed to the county court, where, upon a trial de novo, appellee recovered judgment for $47.50 and all costs, the costs amounting to $79.89. Appellee moves to dismiss this appeal upon the ground that this court is without jurisdiction to hear and determine the case, because neither the amount in controversy, nor the judgment appealed from, exceeds $100. Appellant contends, in opposition to the motion, that the costs are a part of the judgment, and that therefore the judgment exceeds $100. It is provided by the constitution that, “ in all appeals from justice’s court, there shall be a trial de novo, and when the judgment rendered or fine imposed shall not exceed $100, such trial shall be final; but if the judgment rendered or fine imposed shall exceed $100, .... an appeal shall lie to the court of appeals, under such regulations as may be prescribed by law.” [Const, art. V, sec. 16.] Article 1382 of the Revised Statutes provides that “an appeal or writ of error may also be taken to the court of appeals from any final judgment of the county court rendered on appeal or cer- , tiorari in civil cases taken from the justices’ courts, when *452 the judgment or the amount in controversy exceeds $100.” If these provisions were the only ones relating to the subject, we should hold, with counsel for appellant, that the costs are a part of the judgment, and that where the principal, interest and costs adjudged amount in the aggregate to more than $100, this court would have jurisdiction. But there is another provision of the statute, which, in our opinion, controls and restricts the above quoted provisions. It is that provision which defines the appellate jurisdiction of this court, and limits the same in cases of this character to those “where the judgment rendered, or the amount in controversy, shall exceed $100, exclusive of interest and costs.” [R. S. art. 1068.] Under section 22, article V, of the constitution, it was within the power of the legislature to thus limit the appellate jurisdiction of this court. In accordance with the last cited article of the statute, and also in accordance with former decisions of this court [W. & W. Con. Rep. §§ 510, 629, 630 it is held that this court is without jurisdiction to hear and determine this appeal.
January 8, 1885.
Appeal dismissed.